**Glenn J. MILLER et al.**

v.

**STATE of Rhode Island et al.**

**No. 82–389–Appeal.**

Supreme Court of Rhode Island.

Oct. 15, 1982.

Louis B. Cappuccio, Town Sol., Westerly, for plaintiffs.

Dennis J. Roberts, II, Atty. Gen., John R. McDermott, Sp. Asst. Atty. Gen., for defendants.

OPINION

WEISBERGER, Justice.

This case came before the court on a motion for temporary restraining order in

aid of an appeal taken from a judgment entered in the Superior Court upon an agreed statement of facts filed by the parties. The Superior Court had entered a judgment declaring that the provisions of an act passed by the General Assembly, P.L. 1982, ch. 8, were "unconstitutional and invalid." This Act had provided for the submission at the primary election to be held on September 14, 1982, of the question of approval or disapproval of the substantive provisions of the statute since it purported "to act in relation to the property, affairs and government of a particular city or town." Because the judgment had been entered in the Superior Court on August 31, 1982, and the election scheduled for September 14, 1982, this court set the matter down for a special hearing on both the motion for temporary restraining order and the merits of the appeal to September 9, 1982.

After hearing the arguments of counsel and considering memoranda filed by counsel, the court entered an order September 9, 1982, as follows:

"(1) The motion for temporary restraining order is hereby denied.

"(2) The judgment of the Superior Court is hereby affirmed.

"(3) An opinion setting forth the reasons for the foregoing orders will follow."

This opinion sets forth the reasons for the foregoing order. The agreed statement of facts in pertinent part is as follows.

The plaintiffs are the Town Manager and the members of the Town Council of the Town of Westerly. The defendants are the State of Rhode Island, the Secretary of State, the Attorney General, and the members of the Board of Elections. On or about March 3, 1982, the Legislature enacted P.L. 1982, ch. 8, entitled "An Act Relating to the Payment of Legal Fees by the Town of Westerly" (the Act). Section 5 of said Act provided that:

"[t]he question of the approval of this act shall be submitted to the qualified electors of the town of Westerly at the *primary election* to be held on September 14, 1982." (Emphasis added.)

The trial justice held, pursuant to a challenge by plaintiffs, that the selection of such a date for the submission of the question of approval violated the provisions of article 28, section 4 of amendments of the Constitution of Rhode Island which sets forth:

"Powers of general assembly.—The general assembly shall have the power to act in relation to the property, affairs and government of any city or town by general laws which shall apply alike to all cities and towns, but which shall not affect the form of government of any city or town. The general assembly shall also have the power to act in relation to the property, affairs and government of a particular city or town provided that such legislative action shall become effective only upon approval by a majority of the qualified electors of the said city or town voting at a general or special election * * *."

The Act, however, purported to provide for a submission of the question of approval to the electors at a *primary* election. The definitions contained in the election law of this state, G.L. 1956 (1981 Reenactment) § 17–1–2, as amended by P.L. 1981, ch. 372, § 1, relating to general, primary, and special elections are as follows:

"Definitions—For the purposes of the several chapters of this title, except as may otherwise be required by the context:

" * * *

"(b) 'General Election' shall mean an election held on the first Tuesday next after the first Monday in November in even numbered years for the election of members of the general assembly and for the election of general officers;

" * * *

"(g) 'Primary election' shall mean any election to select the candidates of a political party;

" * * *

"(k) 'Special election' shall mean any election other than a local election *or primary election* which is not held on a general election day." (Emphasis added.)

It may be noted that the foregoing definitions draw a clear distinction among these separate types of elections; so that under no circumstances may they be considered interchangeable or fungible. A primary election is quite distinct from a general election and equally distinct from a special election. Both the constitutional provision and the statutory definitions are clear and unequivocal and, therefore, do not require construction by this court. *See Gomes v. Board of Elections,* 120 R.I. 951, 393 A.2d 1088 (1978); *Malinou v. Board of Elections,* 108 R.I. 20, 271 A.2d 798 (1970). The rationale of the framers of this constitutional provision is evident, if justification by rationale were deemed necessary. A primary election is fundamentally an election for the nomination of candidates of a political party. The placing of special referenda upon the date of a primary election may well result in the participation of voters of only a single political party in the response to such question. Therefore, the framers wisely ordained that the approval of an act of the General Assembly "in relation to the property, affairs and government of a particular city or town" should be presented for approval to the qualified electors of said city or town at a general or special election in order that all qualified voters would be likely to attend and express their approval or disapproval. Consequently, the trial justice was correct in holding as a matter of law that the date selected was constitutionally impermissible.

In the trial court the plaintiffs also challenged this act on the ground that in substance it proposed an amendment to a charter since it affected the budgetary procedures of the town of Westerly. The trial justice did not pass upon this issue and, therefore, it has not been briefed and argued before us. We do not reach this issue at this time but reserve that question in the event that the General Assembly should again enact a statute affecting the budgetary procedures of a city or town with a home rule charter and should select a valid date for submitting such statute for approval or disapproval to the electors of such city or town.

For the reasons stated, the motion for temporary restraining order was denied and the judgment of the Superior Court was affirmed. The appeal of the defendants is therefore denied and dismissed and the case may be remanded to the Superior Court.