George DIAS et al.

v.

**PORTSMOUTH WATER AND
FIRE DISTRICT.**

No. 85–572.

Supreme Court of Rhode Island.

Dec. 8, 1987.

Richard P. D'Addario, Newport, for plaintiff.

David F. Fox, Middletown, for defendant.

**OPINION**

FAY, Chief Justice.

This is an appeal by the plaintiff, George Dias, from a Superior Court order granting the defendant Portsmouth Water and Fire District's motion for summary judgment. We affirm.

The facts relevant to this appeal are as follows. On June 11, 1985, Dias, on behalf of himself and others similarly situated, filed a complaint in Newport County Superior Court seeking to restrain and enjoin the district from holding its annual election of officers without providing mail ballots to those residents unable to vote in person. Dias also sought declaratory relief to establish that he and others similarly situated were entitled to receive mail ballots for this and forthcoming elections.

The Portsmouth Water and Fire District was created by the General Assembly. Pursuant to its charter, the district's annual election to pick members of its administrative board is to occur on the second Wednesday in June of each year. *See* 1965 R.I. Acts & Resolves 1199, 1200. During June of 1985 Dias suffered from a serious illness that rendered him unable to participate personally in defendant's annual election. Because of his illness, Dias asked the district for a mail ballot; however, the district denied his request. Historically the district had never provided voters with mail ballots for its elections.

Upon initial review the Superior Court justice ordered the district to provide mail ballots to all voters qualifying therefor under G.L.1956 (1981 Reenactment)

§ 17–20–2, as amended by P.L.1984, ch. 231, § 1. Both parties then filed motions for summary judgment, and Dias sought to certify the case as a class action. Ruling on these motions, the Superior Court justice granted the district's motion for summary judgment, denied Dias's motion for summary judgment, and passed his motion to certify this as a class action. Dias appeals to our court from these rulings.

■ The central issue of this appeal is whether the Legislature permits eligible voters to use mail ballots at the Portsmouth Water and Fire District's annual elections. The governing statute, § 17–20–1, specifically enumerates the elections at which voters may participate via mail ballot.[1] According to this statute, mail ballots are available to voters only in general elections, special elections, and primaries. The statute does not provide for mail ballots at local elections.

In *McCormick v. Rhode Island State Board of Elections*, 119 R.I. 384, 378 A.2d 1061 (1977), this court examined the history of § 17–20–1. We ruled that the statute, as written, is clear and unambiguous and leaves no room for construction. *Id.* at 387, 378 A.2d at 1063. We shall, therefore apply the statute according to its plain meaning. *Id.* It is not the place of this court to expand the scope of § 17–20–1 to provide for mail ballots at elections other than those elections the Legislature specifically listed.

The Portsmouth Water and Fire District electors are not entitled to use mail ballots

because the district's election is a local election. The general-election law § 17–1–2 defines the different types of elections.[2] When previously construing these statutory definitions, this court has noted that they too are clear and unequivocal and do not require additional construction. *Miller v. State*, 451 A.2d 280, 282 (R.I.1982). Section 17–1–2(d) defines a "local election" as:

"any election limited to the electorate of any city or town, or any part thereof, at which any city, town, ward, or district officers are to be chosen, or any elective meeting at which a question is to be submitted to the voters of a city, town or any subdivision thereof but it shall not include a financial town meeting."

The definition of a local election accurately describes the district election. A forthright application of the other definitions reveals that the district election is not a general or a special election. Consequently Dias is not entitled to vote via mail ballot at the district election.

■ Dias urges this court to disregard these statutory distinctions and suggests that we shift our focus to the district's charter. Although the charter does not explicitly provide for mail ballots, Dias contends that defendant's charter implicitly authorizes mail ballots. The charter provides that all persons eligible to vote for town officers within Portsmouth are eligible to vote in the district election. Dias maintains, therefore, that this language extends the equivalent franchise upon district electors as is possessed by town-officer

---

1. General Laws 1956 (1981 Reenactment) § 17–20–1 provides in part:

   "The electors of this state who, for any of the reasons set forth in § 17–20–2, being otherwise qualified to vote are unable to vote in person[,] shall have the right to vote, in the manner and the time provided by this chapter, in all general and special elections and primaries."

2. Section 17–1–2, as amended by P.L. 1981, ch. 372, § 1 provides in part:

   "(b) 'General election' shall mean an election held on the first Tuesday next after the first Monday in November in even numbered years for the election of members of the general assembly and for the election of general officers;

   " * * *

   "(d) 'Local election' shall mean any election limited to the electorate of any city or town, or any part thereof, at which any city, town, ward, or district officers are to be chosen, or any elective meeting at which a question is to be submitted to the voters of a city, town or any subdivision thereof but it shall not include a financial town meeting;

   " * * *

   "(g) 'Primary election' shall mean any election to select the candidates of a political party;

   " * * *

   "(k) 'Special election' shall mean any election other than a local election or primary election which is not held on a general election day * * *."

electors. Town-officer elections are general elections, and town-officer electors may vote by mail ballot; therefore, he argues, district electors should have a commensurate privilege.[3]

This argument, however, fails to recognize the legislative intent behind § 17–20–1. The Legislature has not given all voters the privilege of voting via mail ballot in all elections. *See McCormick*, 119 R.I. at 386–90, 378 A.2d at 1062–64. Furthermore, the Legislature has declined extending this procedure to local elections when previously amending this statute.

Dias's argument also fails to recognize that the district's charter incorporates the state-election laws by reference. The charter provides that "[t]he general-election laws shall govern elections hereunder so far as applicable and consistent with the provisions of this act * * *." 1965 R.I. Acts & Resolves 1199, 1201. Although the general-election laws have been amended since the enactment of defendant's charter, the rules of statutory construction provide that when a legislative enactment adopts the general law on a given subject, as contrasted with a particular statutory provision, the reference is construed to mean the law as it reads thereafter at any given time, including amendments subsequent to the time of adoption. *See, e.g., Pearce v. Director, Office of Workers' Compensation Programs*, 603 F.2d 763, 767 (9th Cir. 1979); *Bordeaux v. Hunt*, 621 F.Supp. 637, 641 (D.S.D.1985), *aff'd on other grounds*, 809 F.2d 1317 (8th Cir.1987); *State ex rel. Anderson v. Duffy*, 174 Ohio St. 1, 3, 185 N.E.2d 435, 437 (1962). *See generally* 2A *Sutherland Statutory Construction*, § 51.07 (Sands 4th ed. 1984). The district's charter therefore echoes the intent of the Legislature as promulgated in the general-election laws, instead of tempering the general rule.

For the foregoing reasons, we hold that Dias has no statutory right to vote by mail ballot in the Portsmouth Water and Fire District election. The Superior Court's

grant of the defendant's motion for summary judgment is affirmed, and the plaintiff's appeal is denied and dismissed.

---

**3.** The Portsmouth town-officer elections, which occur on the Tuesday after the first Monday in November of even-numbered years, fit the statutory definition of general elections. *See* § 17–1–2(b).